UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Justin Gray,

                          Plaintiff,

      -v-

The City of New York; New York City Police
Department ("NYPD") Officer ("P.O.") Jason
Holloway (Shield No. 12791), P.O. Arnaud Polynice
(Shield No. 11414), P.O. Katherine Calambus
(Shield No. 14505), and P.O. John Doe 1-2,
in their individual capacities,

                          Defendants.
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-1305 (ERK)(VMS)

      Plaintiff Justin Gray, by his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Justin Gray's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including the unreasonable and unlawful seizure of his person, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

## PARTIES

8. Plaintiff Justin Gray is, and was at all times relevant to this action, a resident of the County of Queens in the State of New York.

9. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

10. NYPD Officer ("P.O.") Jason Holloway (Shield No. 12791) ("Holloway"), P.O. Arnaud Polynice (Shield No. 11414)("Polynice"), P.O. Katherine Calambus (Shield No. 14505) ("Calambus"), P.O. John Doe 1-2 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

11. The individual defendants are being sued herein in their individual capacities.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15. The true name and shield number of defendant P.O. John Doe is not currently known to the plaintiff.[1]  However, he was an employee or agent of the NYPD on the date of the incident. Accordingly, he is entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as a defendant in an amended pleading once the true name and shield number of said defendant becomes known and (b) that the Law Department should immediately begin preparing his defense in this action.

---

[1]     By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

## STATEMENT OF FACTS

16. Mr. Gray was unlawfully arrested and assaulted by P.O. Holloway and P.O. John Doe at 4:00 a.m. on April 20, 2015, at Washington Avenue and Park Avenue in Kings County in the State of New York.

17. Mr. Gray was riding his bicycle on Park Avenue after purchasing a sandwich at a nearby convenience store.

18. Mr. Gray began to cross the street, when he heard the sound of car tires rapidly approaching and swerved out of the way of a fast moving patrol vehicle traveling without headlights.

19. Mr. Gray stopped riding, cursed, and yelled at the police patrol car to turn on its headlights.

20. Upon information and belief the patrol car window was open.

21. The patrol car pulled over and P.O. Holloway, P.O. Polynice, and P.O. Calambus exited the vehicle and asked for Mr. Gray's identification.

22. Mr. Gray refused to provide identification and informed the officers that he was almost hit by their vehicle as it was traveling in the dark without headlights on.

23. The officers tried to grab Mr. Gray's bike out of his hand.

24. A second patrol car containing P.O. John Doe 1 and P.O. John Doe 2 arrived.

25. Mr. Gray was assaulted by the officers and arrested.

26. Mr. Gray was charged with Obstructing Government Administration in the Second Degree (P.L. § 195.05), Resisting Arrest (P.L. § 205.30), and Disorderly Conduct (P.L. § 240.20(5)).

27. The charges were based upon the false statements of P.O. Holloway.

28. P.O. Polynice, P.O. Calambus, and P.O. John Doe 1-2 were complicit in the unlawful arrest and assault of Mr. Gray.

29. Mr. Gray was forced to appear in court on two occasions before accepting an adjournment in contemplation of dismissal.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
(Against the individual defendants)

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. By their conduct and actions in falsely arresting plaintiff, using excessive force against his person, arresting plaintiff in retaliation for protected activity and the prior restraint of the same, fabricating evidence, and by failing to intercede to prevent the complained of conduct, defendants P.O. Holloway, P.O. Calambus, P.O. Polynice, and P.O. John Doe 1-2, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth and Fourteenth Amendments.

32. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

33. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

35. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual defendants and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

36. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

37. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

[this portion intentionally left blank]

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:  July 13, 2016
        New York, New York

                                        Respectfully submitted,

                                By:     _____
                                        Gillian Cassell-Stiga
                                        Rankin & Taylor, PLLC
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507
                                        e: Gillian@DRMTLaw.com